IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CATHOLICVOTE CIVIC ACTION, 100 S. Wacker Drive, Suite 1275 Chicago, IL 60601, <br><br>and<br><br>JUDICIAL WATCH, INC., 425 Third Street SW, Suite 800 Washington, DC 20024,<br><br>           Plaintiffs,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATIONS, 935 Pennsylvania Avenue, NW Washington, DC 20535<br><br>and<br><br>U.S. DEPARTMENT OF JUSTICE, 950 Pennsylvania Avenue, NW Washington, DC  20530,<br><br>           Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

## COMPLAINT

Plaintiffs CatholicVote Civic Action and Judicial Watch, Inc. bring this action against Defendants Federal Bureau of Investigations and U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.     Plaintiff CatholicVote Civic Action ("CatholicVote") is a 501(c)(4) not-for-profit civic organization incorporated under the laws of the State of Michigan and headquartered at 211 W. Main St., Suite 303, Carmel, IN 46032.  Plaintiff is an organization inspired and organized by faithful Catholic laity seeking to renew the country and culture with the teachings of the Catholic Church.  As a part of its mission, Plaintiff uses its media platforms to report on issues that affect Catholics including, social and legal issues.

4.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the agencies' responses and disseminates both its findings and the requested records to the American public to inform them about "what their government is up to."

5.     Defendant Federal Bureau of Investigations ("FBI") is an agency of the U.S. Government and is headquartered at 935 Pennsylvania Avenue, NW, Washington, DC 20535. Defendant has possession, custody, and control of the records to which Plaintiffs seek access.

6.     Defendant U.S. Department of Justice ("DOJ") is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530. Defendant has possession, custody, and control of records to which Plaintiffs seek access.

## **STATEMENT OF FACTS**

7. On March 8, 2023, Plaintiffs sent four FOIA requests to the Federal Bureau of Investigations ("FBI"), seeking access to the following records:

(a) **All emails, Lync messages, and text messages sent to and from the following FBI Headquarters officials: Director Christopher Wray, Deputy Director Paul Abbate, Asst. Director George P. Beach, II, General Counsel Jason Jones, Chief of Staff Jonathan Lenzner, Executive Asst. Dir. Larissa Knapp, and Asst. Dir. Timothy Langan for the period March 1, 2022 to the present referencing:**

- "Catholics"
- "Latin Mass"
- "Radical-Traditionalist Catholics"
- "RTC"
- "Church Militant"
- "Catholic League"
- "Southern Poverty Law Center"
- "SPLC"
- "Pope Francis"
- "Vatican II"
- "Second Vatican Council"
- "Rosary"
- "FSSP"

(b) **All emails, Lync messages, and text messages sent to and from the following FBI Richmond Field Office (RFO) officials: SAIC Stanley Meador, ASAIC David Lewis, ASAIC Stephen Farina, and the FBI Richmond Chief Division Counsel for the period March 1, 2022 to the present referencing:**

- "Catholics"
- "Latin Mass"
- "Radical-Traditionalist Catholics"
- "RTC"
- "Church Militant"
- "Catholic League"
- "Southern Poverty Law Center"
- "SPLC"
- "Pope Francis"
- "Vatican II"
- "Second Vatican Council"
- "Rosary"

- **"FSSP"**

(c) **All emails, Lync messages, and text messages sent to and from the following FBI Headquarters officials: Director Christopher Wray, Deputy Director Paul Abbate, Asst. Director George P. Beach, II, General Counsel Jason Jones, Chief of Staff Jonathan Lenzner, Executive Asst. Dir. Larissa Knapp, and Asst. Dir. Timothy Langan for the period March 1, 2022 to the present referencing:**

- **actions taken to remove the Intelligence Note from FBI systems;**
- **the FBI review of (1) the basis for the Intelligence Note and (2) any official FBI actions taken pursuant to the Intelligence Note**

(d) **All emails, Lync messages, and text messages sent to and from the following FBI Richmond Field Office (RFO) officials: SAIC Stanley Meador, ASAIC David Lewis, ASAIC Stephen Farina, and the FBI Richmond Chief Division Counsel for the period March 1, 2022 to the present referencing:**

- **actions taken to remove the Intelligence Note from FBI systems;**
- **the FBI review of (1) the basis for the Intelligence Note; (2) any official FBI actions taken pursuant to the Intelligence Note**

8. On March 8, 2023, FBI generated three "eFOIA Request Received" emails to Plaintiffs. These emails were sent to a junk folder and not discovered until after Plaintiffs' later correspondence with FBI seeking acknowledgement and clarification.

9. On March 14, 2023, FBI officially acknowledged receipt of Plaintiffs' request. The letter did not identify which request(s) it was acknowledging. The letter assigned one tracking number" 1585903-000.

10. Also on March 14, 2023, FBI advised Plaintiffs that "unusual circumstances" prevented it from complying with the twenty (20) day deadline. This letter referenced the same tracking number but also did not identify which of the four FOIA requests it which it pertained.

11. On April 4, 2023, Plaintiffs contacted FBI at the contact email supplied in the March 14, 2023 letter to seek clarification of the status of the four requests and to which requests the "unusual circumstances" applied.

12. On April 6, 2023, FBI responded that three of the requests had been combined under the assigned tracking number. The response did not identify which requests were consolidated, or the status of the fourth request.

13. On that same day, Plaintiffs again reached out to FBI for clarification. As of the date of this complaint, FBI has not responded nor clarified.

14. On March 8, 2023, Plaintiffs sent two FOIA requests to the U.S. Department of Justice ("DOJ"), Office of the Attorney General, seeking access to the following records:

(a) **All emails and text messages sent to and from all DOJ officials in the Office of the Attorney General for the period March 1, 2022 to the present referencing:**

- **"Catholics"**
- **"Latin Mass"**
- **"Radical-Traditionalist Catholics"**
- **"RTC"**
- **"Church Militant"**
- **Catholic League"**
- **"Southern Poverty Law Center"**
- **"SPLC"**
- **"Pope Francis"**
- **"Vatican II"**
- **"Second Vatican Council"**
- **"Rosary"**
- **"FSSP"**

(b) **All emails and text messages sent to and from all DOJ officials in the Office of the Attorney General for the period March 1, 2022 to the present referencing:**

- **actions taken to remove the Intelligence Note from FBI systems;**

- **the FBI review of (1) the basis for the Intelligence Note; and (2) any official FBI actions taken pursuant to the Intelligence Note**

15. On March 8, 2023, Plaintiffs also sent two FOIA requests to the U.S. Department of Justice ("DOJ"), Office of the Deputy Attorney General, seeking access to the following records:

(a) **All emails and text messages sent to and from all DOJ officials in the Office of the Attorney General for the period March 1, 2022 to the present referencing:**

- "Catholics"
- "Latin Mass"
- "Radical-Traditionalist Catholics"
- "RTC"
- "Church Militant"
- Catholic League"
- "Southern Poverty Law Center"
- "SPLC"
- "Pope Francis"
- "Vatican II"
- "Second Vatican Council"
- "Rosary"
- "FSSP"

(b) **All emails and text messages sent to and from all DOJ officials in the Office of the Attorney General for the period March 1, 2022 to the present referencing:**

- **actions taken to remove the Intelligence Note from FBI systems;**

- **the FBI review of (1) the basis for the Intelligence Note; and (2) any official FBI actions taken pursuant to the Intelligence Note**

16.    On March 23, 2023, DOJ notified Plaintiffs that the requests were being aggregated by subject matter.  The two requests seeking records with specific search terms ("Search Terms FOIA") were aggregated and assigned the tracking number 2023-00857.  The two requests seeking records regarding the FBI Intel Memo were aggregated and assigned tracking number 2023-00856.  DOJ also advised Plaintiff that "unusual circumstances" prevented it from complying with the twenty (20) day deadline.

17.    On April 5, 2023, DOJ contacted Plaintiffs to seek to exclude from Search Terms FOIA, any records responsive to the Intel Memo FOIA, thereby reducing the universe of records and overlap.

18.    Plaintiffs agreed to DOJ's request on April 6, 2023.

19. As of the date of this Complaint, FBI and DOJ have failed to: (i) determine whether to comply with the requests; (ii) notify Plaintiffs of any such determination or the reasons therefor; or (iii) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

20. Plaintiffs realleges paragraphs 1 through 19 as if fully stated herein.

21. Defendants are in violation of FOIA.

22. Plaintiffs are being irreparably harmed by Defendants' violation of FOIA, and Plaintiffs will continue to be irreparably harmed unless Defendants are compelled to comply with the law.

23. Plaintiffs have no adequate remedy at law.

24. To trigger FOIA's administrative exhaustion requirement, Defendant FBI was required to make a final determination on Plaintiffs' requests by April 19, 2023, at the latest. Because Defendant FBI failed to make a final determination on Plaintiffs' requests within the time limits set by FOIA, Plaintiffs are deemed to have exhausted its administrative appeal remedies.

25. To trigger FOIA's administrative exhaustion requirement, Defendant DOJ was required to make a final determination on Plaintiffs' requests by April 19, 2023, at the latest. Because Defendant DOJ failed to issue a final determination on Plaintiffs' requests within the time limits set by FOIA, Plaintiffs are deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiffs respectfully request that the Court: (1) order Defendants to conduct a search for any and all records responsive to Plaintiffs' FOIA requests and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiffs' FOIA requests; (2) order Defendants to produce, by a date certain, any and all non-exempt records responsive to Plaintiffs' FOIA requests and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiffs' FOIA requests; (4) grant Plaintiffs an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiffs such other relief as the Court deems just and proper.

Dated: April 27, 2023

Respectfully submitted,

*/s/ Meredith L. Di Liberto*
MEREDITH L. DI LIBERTO
D.C. Bar No. 487733
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:   (202) 646-5172
Fax:   (202) 646-5199
Email:  mdiliberto@judicialwatch.org

*Attorney for Plaintiff*